# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VANESSA REID, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:05-CV-2009 CAS |
| USF HOLLAND, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff Vanessa Reid's motion to remand. Defendant USF Holland, Inc. opposes the motion. For the following reasons, the Court concludes it lacks subject matter jurisdiction over this case, and plaintiff's motion to remand should be granted. Defendant's motion to stay the determination of subject matter jurisdiction and to engage in discovery should be denied.

**Background**.

This action was originally filed by plaintiff Vanessa Reid in the Circuit Court of the City of St. Louis, Missouri in August 2005. Plaintiff's petition alleges that in August 2003 she was a passenger in a vehicle which was struck by a vehicle owned by defendant and driven by its employee acting within the scope of his employment. Reid alleges that defendant's employee was negligent in his operation of the vehicle in several respects, and as a direct result of this negligence, she suffered serious, painful, permanent and disabling injuries. The petition's prayer for relief seeks judgment in excess of $25,000.

On October 28, 2005, defendant filed its Notice of Removal, which alleges that this Court has subject matter jurisdiction based on diversity of citizenship. See 28 U.S.C. § 1332(a). The Notice

of Removal states that in addition to the petition's prayer for damages in excess of $25,000, plaintiff's attorney had sent defendant a settlement demand to Constitution State Services, LLC for $250,000.[1] This is the only stated basis for defendant's removal of this action.

Plaintiff moves to remand on the basis that defendant has not established the requisite amount in controversy for diversity jurisdiction.

**Legal Standard**.

In removal cases, the district court reviews the complaint or petition pending at the time of removal to determine the court's jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938). The district court may also look to the notice of removal to determine its jurisdiction. See, e.g., Jones & Laughlin Steel Corp. v. Johns-Manville Sales Corp., 626 F.2d 280, 282 n.1 (3d Cir. 1980). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are to be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of her own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing" and consequently "uncertainties are resolved in favor of remand.")

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Federal courts are to strictly

---

[1] The Court assumes that Constitution State Services, LLC is defendant's insurance carrier, but defendant has not specifically alleged this to be the case.

construe the amount in controversy requirement, as the purpose underlying it is to limit the federal courts' diversity caseload. Snyder v. Harris, 394 U.S. 332, 339 (1969). To meet its burden with regard to the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). Specific facts or evidence are required to demonstrate that the jurisdictional amount is met. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**Discussion**.

Defendant's Notice of Removal asserts that diversity jurisdiction is proper based upon the petition's prayer for damages in excess of $25,000, and plaintiff's demand letter seeking $250,000. In the motion to remand, plaintiff states that her most recent demand letter, dated August 26, 2005 and sent contemporaneously with the filing of her petition in state court, sought to settle the case for $74,999.00, which is less than the jurisdictional minimum for diversity cases. Plaintiff states in an affidavit submitted in support of her motion to remand that she remains willing to settle this case for that amount.

Defendant responds that plaintiff's current settlement demand is not dispositive of the amount in controversy, and that "a fact finder could legally conclude the Plaintiff's damages are greater" than the jurisdictional minimum based on the allegations of her complaint that she suffered "serious, painful, permanent and disabling injuries" which will cause her disability in the future and permanently impair her ability to work, labor and enjoy life, and that she has incurred and will continue to incur medical expenses. Def.'s Mem. Opp. Mot. Remand at 2-3.

Defendant is correct that plaintiff's demand letter of August 2005 seeking the sum of $74,999 to settle her claims does not establish the amount in controversy.[2] Nonetheless, defendant seeks to rely on plaintiff's earlier demand letter to establish the requisite jurisdictional minimum. The Eighth Circuit has not decided if a post-complaint settlement offer alone is sufficient to meet the removing party's burden to establish the amount in controversy, In re Minnesota Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 836 (8th Cir. 2003), and the Court has not found any Eighth Circuit cases addressing pre-complaint settlement demands. This Court, however, has held that a demand letter is not sufficient evidence to establish the existence of the jurisdictional minimum. See Corlew v. Denny's Restaurant, Inc., 983 F. Supp. 878, 880 (E.D. Mo. 1997). Therefore, defendant's reliance on plaintiff's $250,000 demand does not establish the existence of the requisite amount in controversy by a preponderance of the evidence. The Court also finds that the listing of plaintiff's claimed injuries in the petition does not constitute the required "specific facts or evidence" sufficient to meet defendant's burden to demonstrate that the jurisdictional amount is met. See Hill, 324 F.Supp.2d at 1036.

**Conclusion**.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, which must be remanded to the state court from which it was removed. 28 U.S.C. § 1447(c). Defendant's motion to stay the Court's determination of its subject matter jurisdiction and

---

[2] In contrast, if plaintiff had filed a stipulation that she does not seek and will not in the future seek an amount in excess of the jurisdictional minimum, the Court could rely on such a stipulation to conclude that it lacked subject matter jurisdiction, because the complaint in this case does not seek a specific amount of damages. See 16 James Wm. Moore, et al., Moore's Federal Practice § 107.41[2][c] (3d ed. 2005) ("If the state court petition does not allege a specific amount of damages, a post-removal declaration by the plaintiff that the amount in controversy is less than the jurisdictional requisite is sufficient to show a lack of removal jurisdiction, unless the defendant rebuts the plaintiff's declaration.).

4

to permit it to engage in discovery to confirm the amount in controversy will be denied. A removing defendant in a diversity case must be prepared to establish the requisite amount in controversy at the time of removal and is not entitled to a post-removal opportunity to engage in discovery to support the removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Vanessa Reid's motion to remand is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that defendant's motion to stay determination of subject matter jurisdiction and to engage in discovery is **DENIED**. [Doc. 10]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri, from which it was removed.

An appropriate order of remand will accompany this memorandum and order.

							_____
							**CHARLES A. SHAW**
							**UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of January, 2006.